USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-20-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CTI GROUP, LLC, COOPER TRADING, STEPHEN CRAIG SYMONS, and JAMES DAVID KLINE,<br><br>Defendants,<br><br>and<br><br>SNONYS, INC. and DRAGONFYRE MAGICK INCORPORATED,<br><br>Relief Defendants. | Case No. 12 CV 3754 (ALC)<br><br>ECF Case |

## [redacted] CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF

Plaintiff U.S. Commodity Futures Trading Commission ("Commission") has filed a Complaint for Injunctive and Other Equitable Relief and Civil Monetary Penalties under the Commodity Exchange Act (the "Complaint"). The Commission has separately applied to the Court for the entry of a preliminary injunction, pursuant to Plaintiff's Application for an *Ex Parte* Statutory Restraining Order (1) Freezing Assets; (2) Prohibiting the Destruction or Alteration of Documents; (3) Granting Expedited Discovery; (4) Ordering an Accounting of Assets, and for an Order to Show Cause for a Preliminary Injunction (the "Application"), the Memorandum of Law of Plaintiff U.S. Commodity Futures Trading Commission in Support of

its Application for an *Ex Parte* Statutory Restraining Order, Order to Show Cause, and Order of Preliminary Injunction (the "Memorandum"), and the Declaration of Michael C. McLaughlin (the "Declaration"). The Court has considered the Complaint, Application, Memorandum, and Declaration, as well as the entire record in this matter.

The Court finds that CTI Group, LLC, Cooper Trading, Stephen Craig Symons, and James David Kline (collectively, the "Defendants") and Relief Defendants Snonys, Inc. and Dragonfyre Magick Incorporated have been properly served with a copy of the Summons and Complaint. The Court further finds that Defendants, without admitting or denying the allegations in the Complaint, consent to the entry of this Order, consent to this Court's jurisdiction over them, admit that the subject matter of this action is properly before this Court, and admit that venue lies properly with this Court. The Court also finds that Defendants have consented to the entry of this Order voluntarily and that no promise or threat has been made by the Commission, or any member, officer, agent, or representative of the Commission, to induce them to consent to this Order.

Based upon the record in this case, it appears to the Court that there is good cause to find and order as follows:

## I. JURISDICTION AND VENUE

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

1. This Court has jurisdiction over this action pursuant to Section 6c of the Act, as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. § 13a-1, which provides that whenever it shall appear to the Commission that any person has

engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or Commission Regulations, the Commission may bring an action in the proper District Court of the United States against such person to enjoin such practice or to enforce compliance with the Act.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), because Defendants transacted business within this District, and the Commission alleges that the acts and practices in violation of the Act and Commission Regulations occurred within this District.

## II. PROHIBITION FROM VIOLATIONS OF THE ACT AND REGULATIONS

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

The Defendants, as well as all persons insofar as they are acting in the capacity of agents, servants, employees, successors, or assigns of the Defendants, and all persons insofar as they are acting in active concert or participation with the Defendants who receive actual notice of this Order by personal service or otherwise, are hereby restrained, enjoined, and prohibited, until further Order of the Court, from directly or indirectly:

1. engaging in conduct in violation of Sections 4*o*(1)(A) and (B) of the Act, 7 U.S.C. §§ 6*o*(1)(A) and (B) (2006) and Commission Regulations 4.41(a) and (b)(2), 17 C.F.R. § 4.41(a) and (b)(2) (2012);

2. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the Dodd-Frank Act, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. § 1a(40));

3. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Commission Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2012) ("commodity options")), security futures products, and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the Dodd-Frank Act, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts")), for their own personal accounts or for any account in which they have a direct or indirect interest;

4. having any commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts traded on their behalf;

5. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney, letter of direction, or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts;

6. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts;

7. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012);

8. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent, or any other officer or employee of any person registered, exempted from

registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and

9. engaging in any business activities related to commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts trading.

## III. FORCE AND EFFECT

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter. Further, the Court's May 14, 2012 *Ex Parte* Statutory Restraining Order Freezing Assets, Prohibiting the Destruction or Alteration of Documents, Granting Expedited Discovery, Ordering an Accounting of Assets, and Order to Show Cause Why a Preliminary Injunction Should Not Be Granted, and the terms and conditions set forth therein are incorporated in full herein by reference and shall remain in full force and effect until further order of this Court, except as provided below:

1. Defendants Stephen Craig Symons and James David Kline may open such new checking or savings accounts as are necessary to hold and use wages and other compensation from any current or future employment as well as any other funds from future sources.

**CONSENTED TO AND APPROVED FOR ENTRY BY:**

Dated: June 19, 2012

U.S. Commodity Futures Trading Commission

By: ______________________

David W. MacGregor, Esq.
R. Stephen Painter Jr., Esq.
Laura A. Martin, Esq.

140 Broadway, 19th Floor
New York, New York 10005

*Attorneys for Plaintiff*

Dated: June 14, 2012

Law Offices of Brooks P. Marshall

By: ______________________

Brooks P. Marshall, Esq.

1500 Rosecrans Avenue, Suite 500
Manhattan Beach, California 90266

*Attorneys for Defendants CTI Group, LLC, Cooper Trading, Stephen Craig Symons, James David Kline and Relief Defendants Snonys, Inc. and Dragonfyre Magick Incorporated*

**IT IS SO ORDERED**, at New York, New York on the 20 day of June 2012.

______________________

HONORABLE ANDREW L. CARTER, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK