**MEMO ENDORSED**



Division of
Enforcement

**U.S. COMMODITY FUTURES TRADING COMMISSION**
140 Broadway
New York, New York 10005
Telephone: (646) 746-9733
Facsimile: 646-746-9898



April 22, 2013

<u>VIA EMAIL</u> (ALCarterNYSDChambers@nysd.uscourts.gov)

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:   <u>CFTC v. CTI Group, LLC, et al., 12 Civ. 3754 (ALC) – Plaintiff's Request
for a Pre-Motion Conference</u>

Dear Judge Carter:

We represent Plaintiff U.S. Commodity Futures Trading Commission (the "Commission") in the above matter. Pursuant to Your Honor's Individual Practices, we hereby request a pre-motion conference, or alternatively that the Court enter the attached Proposed Order setting a briefing schedule, in connection with the Commission's anticipated motion for summary judgment.

**Background**

On May 11, 2012, the Commission filed its Complaint for Injunctive and Other Equitable Relief and Civil Monetary Penalties Under the Commodity Exchange Act (the "Act") ("<u>Complaint</u>") (Dkt. 9) to enjoin the Defendants – CTI Group, LLC and Cooper Trading (collectively, "CTI"), James David Kline, and Stephen Craig Symons – from continuing their fraudulent solicitation of clients and prospective clients to purchase two automated trading systems known as Boomer and Victory and to seek, among other things, civil monetary penalties and the disgorgement of ill-gotten gains.

The Commission simultaneously filed its Application for an Ex Parte Statutory Restraining Order ("<u>Application</u>") (Dkt. 10); Memorandum of Law in Support of Plaintiff's Application ("<u>Memorandum</u>") (Dkt. 11); and Declaration of Michael C. McLaughlin in Support of Plaintiff's Application ("<u>Declaration</u>") (Dkt. 7). On May 14, 2012, the Court granted the Commission's Application (Dkt. 13), and on June 20, 2012 entered a Consent Order of Preliminary Injunction and Other Equitable Relief (Dkt. 29).

Honorable Andrew L. Carter, Jr.
April 22, 2013
Page 2

Thereafter, we discussed potential settlement parameters with Brooks Marshall, Esq., counsel for the Defendants.[1] However, counsel has not communicated with us since March 28, 2013. Consequently, settlement discussions have not resulted in an agreement.

**Plaintiff's Proposed Motion for Summary Judgment**

The Commission anticipates filing a motion for summary judgment in this case that will seek determination of both the Defendants' liability for violating certain antifraud provisions of the Act and Commission Regulations, and appropriate monetary penalties. Although no discovery has been conducted in this case, the Commission submits that discovery is not necessary for determining summary judgment in this matter. *See Liberty Mut. Inc. Co. v. N. Picco & Sons Contracting Co., Inc.*, 2008 WL 190310, at *4 (S.D.N.Y. Jan. 16, 2008) ("If there are no relevant disputed issues of fact, a court may consider a motion for summary judgment even before discovery begins.") (internal quotation marks omitted). The Commission's motion for summary judgment would rest on substantially the same evidence cited in its earlier Memorandum and supporting two-volume Declaration, which attached 59 exhibits.

As the Commission has exhaustively documented in its Memorandum and supporting Declaration, CTI, by and through Defendants Symons and Kline, made millions of dollars fraudulently soliciting clients to purchase subscriptions to Boomer and Victory. That fraud is not seriously in dispute. For example, we submit there can be no genuine issue of material fact as to any of the following:

- CTI's salespeople used false names and lied about their professional qualifications when soliciting clients.
- CTI's salespeople lied to clients about how long CTI had been in business.
- CTI's salespeople lied to clients about the number of trading systems developed by CTI.
- CTI's salespeople lied to clients about the track record of CTI's trading systems.
- CTI's salespeople falsely stated to clients that CTI never had to make refunds under CTI's purported money-back guarantee and that CTI had never even received a request for a refund by a client.
- CTI's salespeople lied to clients about the risks associated with trading CTI's trading systems.
- Defendant Kline made false statements to clients, including telling clients, falsely, that Kline had earned substantial profits using CTI's trading systems.
- CTI's salespeople failed to disclose to clients that Defendant Symons, who managed and controlled CTI's operations, served more than 43 months in prison for grand larceny in connection with the misappropriation of more than $1 million that had been invested in his former company.

Given the magnitude of the evidence of fraud in this case, much of which is from (1) recordings produced to the Commission by CTI; (2) sworn investigative testimony of Defendants

---

[1] Mr. Marshall also represents Snonys, Inc. and Dragonfyre Magick Incorporated, relief defendants in this case.

Symons and Kline; and (3) sworn investigative testimony of CTI's trading system developer and salespeople, discovery by the Defendants could not reasonably be expected to create any genuine issue of material fact.

To the extent the Defendants oppose the Court's consideration of summary judgment at this juncture on the basis that they need to conduct discovery to respond to the Commission's motion, such opposition will fail in the absence of a specific showing by the Defendants that discovery is needed and could reasonably be expected to create a genuine issue of material fact. *See Sage Realty Corp. v. Ins. Co. of N. Am.*, 34 F.3d 124, 128 (2d Cir. 1994) (stating that FRCP 56(f) – now codified at FRCP 56(d) – "requires the opponent of a motion for summary judgment who seeks discovery to file an affidavit explaining: (1) the information sought and how it is to be obtained; (2) how a genuine issue of material fact will be raised by that information; (3) what efforts the affiant has made to obtain the information; and (4) why the efforts were unsuccessful").

Although we do not believe that additional discovery is necessary for the Court's consideration of the Commission's motion for summary judgment, to the extent the Commission's summary judgment motion is not granted, we reserve the right to seek discovery, as necessary, for the full adjudication of the Commission's allegations and Defendants' purported affirmative defenses.

### Pre-Motion Conference or Scheduling Order

For these reasons, we request that the Court set a pre-motion conference to set a briefing schedule on the Commission's anticipated summary judgment motion or, alternatively, enter the enclosed Proposed Order setting a briefing schedule. If the Court is of the view that a briefing schedule is more properly raised in a FRCP 16(c) conference, which has not been held in this case, we will make a request for such conference to Magistrate Judge Pitman.

Respectfully submitted,

R. Stephen Painter, Jr.

Cc: Honorable Henry Pitman (via fax)
Orders Clerk (via email)
Brooks Marshall, Esq. (counsel for Defendants and Relief Defendants) (via email)
Evan Mandel, Esq. (counsel for Defendants and Relief Defendants) (via email)

A pre-motion conference is scheduled for 5-15-13 at 3:00 p.m. So Ordered.

*Andrew L. Carter*
5-2-13